UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 06-7930 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION "C" (4) |

ORDER AND REASONS

This matter comes before the Court on plaintiff's motion to remand and the issue whether the jurisdictional amount existed at the time of removal.  Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject

matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

    The defendant has not met its burden.  It is not facially apparent from the petition that the amount in controversy exists; in fact, the plaintiff alleges in the petition that the claim does not exceed $75,000. (Petition, ¶ 15).   The Court recognizes that this statement may not be "binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.)(J. Vance).  The statement is, however, evidence of the jurisdictional amount for present purposes, and the defendant presents no other proof that the jurisdictional minimum existed at the relevant

time.

In addition, this Court has held that the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. 1369 ("MMTJA") does not provide a basis for subject matter jurisdiction under these circumstances. Fidelity Homestead Assn. v. The Hanover Insurance Co., 458 F.SUpp2d 276 9E.D.La. 2006).

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that the plaintiff's motion to remand is GRANTED. (Rec. Doc. 6). This matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c). The plaintiff's request for costs and attorney's fees is DENIED.

New Orleans, Louisiana, this 16th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE